NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2106
_____

THOMAS BONNER,
                              Appellant

v.

MONTGOMERY COUNTY;
RISA VETRI FERMAN, Montgomery County District Attorney
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-10-cv-02055
District Judge: The Honorable John R. Padova

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 13, 2012

Before: SCIRICA, RENDELL, and SMITH, *Circuit Judges*

(Filed: January 17, 2012)

_____

OPINION
_____

SMITH, *Circuit Judge.*

      In 1986, a jury convicted Thomas Bonner of murdering August Bennick.  In

2009, Bonner filed a petition under the Post Conviction Relief Act, 42 Pa. Cons.

Stat. §§ 9541-9546, seeking access to certain evidence for the purpose of DNA testing. The Court of Common Pleas of Montgomery County, Pennsylvania, denied the petition. Bonner appealed to the Pennsylvania Superior Court which affirmed.

In May of 2010, Bonner filed a civil rights action under 42 U.S.C. § 1983 against Risa Vetri Ferman, the District Attorney of Montgomery County, in the United States District Court for the Eastern District of Pennsylvania.[1] He alleged that Ferman's policy of categorically opposing any request for DNA evidence violated his rights under the First Amendment to "meaningful access to state and federal courts where he could prove his actual innocence" and under the Fourteenth Amendment to both substantive and procedural due process. In the ad damnum clause of his complaint, Bonner prayed for an order compelling the production of the requested DNA evidence so it could be tested.

Ferman filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). During a hearing on the motion, Bonner withdrew both his First Amendment claim and his procedural due process claim. He advised the District Court that he was asserting only the substantive due process claim. The Court granted Ferman's motion to dismiss, concluding that Bonner's substantive due

---

[1] In *Skinner v. Switzer,* the Supreme Court held "that a postconviction claim for DNA testing is properly pursued in a § 1983 action[,]" not a habeas petition. __ U.S. __, __, 131 S. Ct. 1289, 1293 (2011).

process claim failed as a matter of law in light of the Supreme Court's decisions in *Skinner v. Switzer*, __ U.S. __, 131 S. Ct. 1289 (2011), and *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52, 129 S. Ct. 2308 (2009).

Bonner appealed.[2] He does not take issue with the District Court's determination that he withdrew his claims alleging violations of his First Amendment and procedural due process rights. Rather, he argues that the District Court erred by relying on dicta in *Skinner*, and that neither that precedent nor *Osborne* precludes his substantive due process claim.

We disagree. In *Osborne*, the Supreme Court acknowledged the petitioner's alternate argument seeking relief under the substantive due process clause and went on to address it on the merits. 557 U.S. at __, 129 S. Ct. at 2322. The Court declined the invitation to "recognize a freestanding right to DNA evidence" and concluded "that there is no such substantive due process right." *Id.* The Court also explained that "[t]here is no long history of such a right" of access to state evidence to perform DNA testing, *id.*, "and '[t]he mere novelty of such a claim is reason enough to doubt that 'substantive due process' sustains it,'" *id.* (quoting *Reno v. Flores,* 507 U.S. 292, 303 (1993)). Subsequently, in *Grier v. Klem*, 591

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. We conduct de novo review of an order granting a motion to dismiss under Rule 12(b)(6). *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

F.3d 672, 678 (3d Cir. 2010), relying upon *Osborne*, we acknowledged that the petitioner had "no substantive due process right to access DNA evidence." The following year, the majority in *Skinner* pointed out that "*Osborne* rejected the extension of substantive due process" to the area of DNA testing "and left slim room for the prisoner to show that the governing state law denies him procedural due process." 131 S. Ct. at 1293 (citing *Osborne*, 129 S. Ct. at 2322). This authority is binding and Bonner's attempt to distinguish it is unavailing. Accordingly, we will affirm the judgment of the District Court.